IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RAINMAKER INTERNATIONAL, INC., )
)
    Plaintiff, )
)
v. )
) CASE NO. CV408-017
SEAVIEW MEZZANINE FUND, L.P., )
SEAVIEW CAPITAL ADVISORS, LLC, )
and STUDIO ONE MEDIA, INC., )
)
    Defendants. )
)

## O R D E R

Before the Court is Defendant Seaview Capital Advisors, LLC's (Seaview Capital) Motion to Dismiss. (Doc. 41.) In the Motion, Defendant Seaview Capital argues that it is not a proper party in this Action for Interpleader because it claims no interest in the disputed property and is not subject to the jurisdiction of this Court. For the following reasons, Defendant Seaview Capital's Motion is **GRANTED**.

This Action in Interpleader was brought by Rainmaker International, Inc. (Rainmaker) to resolve conflicting ownership claims regarding a stock certificate. Rainmaker received the stock certificate, representing 100,000 shares in Defendant Studio One Media, Inc. (Studio One), either in the mail or by overnight delivery. While Rainmaker's name appears on the certificate as owner, Rainmaker has claimed no ownership interest in the stock. In the complaint, Rainmaker has alleged

that Defendant Studio One has claimed an ownership interest in the stock, and that Defendants Seaview Mezzanine and Seaview Capital may claim a conflicting ownership interest in the stock.[1] While Seaview Mezzanine has claimed such an interest (Doc. 36 ¶ 9), Seaview Capital has stated that it does not have any ownership interest in the stock (Doc. 34 ¶ 9).

Defendant Seaview Capital argues both that the Court lacks personal jurisdiction over it and that it has no ownership interest in the stock. The Court need not address the jurisdictional issue because Defendant Seaview Capital asserts no ownership interest in the stock and is not a necessary party to these proceedings. Generally, a party who claims no interest in the disputed property need not be a part of an action in interpleader.[2] See Nat'l Life Ins. Co. v. Alembik-Eisner, CV107-557 (N.D. Ga. Sept. 12, 2008), McKerchie v. S. First Manor, LLC, No. 07-61365-CIV (S.D. Fla. May 30, 2008), Gen. Elec. Capital Assurance v. Van Norman, 209 F. Supp. 2d 668 (S.D. Tex. 2002). In an action in interpleader, there is no dispute between a party with no ownership interest and the remaining claimants. See Van Norman, 209 F. Supp. 2d at 671. Dismissal of the

---

[1] Defendants Seaview Mezzanine and Seaview Capital share some, but not all, of the same officers.
[2] The party disclaiming ownership will be precluded from asserting future claims inconsistent with that position. See McKerchie v. S. First Manor, LLC, No. 07-61365-CIV, at *2 (S.D. Fla. May 30, 2008) (citing Burner v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002)).

2

disclaiming party assists the Court in concluding who, among the remaining claimants, is entitled to ownership of the disputed property. See Alembik-Eisner, CV107-557 at *5. However, dismissal is not appropriate where the party disclaiming ownership is a necessary party. See Amoco Prod. Co. v. Aspen Group, 189 F.R.D. 614, 615-16 (D. Colo. 1999).

Here, Defendant Seaview Capital must be dismissed as a party to this Action in Interpleader. First, Defendant Seaview Capital does not assert any ownership claim in the stock certificate. Second, Defendant Studio One has stated that Defendant Seaview Capital is not a necessary party to the action, and that the Court can fashion an appropriate remedy without Defendant Seaview Capital being a party to the action. (Doc. 44 at 2.) Accordingly, the Motion is **GRANTED** and Defendant Seaview Capital is **DISMISSED** from this case.

SO ORDERED this 8th day of October, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA