IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RAINMAKER INTERNATIONAL, )
INC., )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV408-017
 )
SEAVIEW MEZZANINE FUND, L.P. )
and STUDIO ONE MEDIA, INC., )
 )
    Defendants. )
 )

## ORDER

Before the Court are Defendant Seaview Mezzanine Fund's ("Seaview") (Doc. 55) and Studio One Media's ("Studio One") (Doc. 52) Motions for Summary Judgment. After careful consideration, Defendants' Motions are **DISMISSED** because Plaintiff Rainmaker International ("Rainmaker") has failed to join Great Eastern Securities ("GES"), which may have a valid ownership claim over the stock certificate in question. Accordingly, Plaintiff is **DIRECTED** to join GES in this action. Following GES's appearance in this case, the Parties shall have **thirty (30) days** to request additional discovery or file additional motions.

## BACKGROUND

The pertinent facts in this case are not in dispute.[1] In June 2006, Defendant Studio One entered into an Advisory Agreement with GES. (Doc. 53 at 2.) The contract, dated June 2, 2006, provided that GES would supply investment advisory services to Studio One for one year[2] in exchange for 100,000 shares of Studio One stock. (Doc. 57, Ramson Dep., Ex. 1 at 1.) The stock certificate provided by Studio One included the following restrictive legend:

> THE SHARES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, AND MAY NOT BE SOLD, TRANSFERRED, ASSIGNED, PLEDGED, HYPOTHECATED OR OTHERWISE DISPOSED OF UNLESS AND UNTIL REGISTERED UNDER SUCH ACT, OR UNLESS THE COMPANY HAS RECEIVED AN OPINION OF COUNSEL OR OTHER EVIDENCE, SATISFACTORY TO THE COMPANY AND ITS COUNSEL, THAT SUCH REGISTRATION IS NOT REQUIRED.

(Id., Ex. 3.) On December 25, 2006, GES ceased business operations. (Doc. 54 ¶ 6.)

Meanwhile in August of 2006, Great Eastern Holdings ("GEH"), of which GES was a wholly owned subsidiary, pledged the Studio One stock to Seaview as collateral for a $1,200,000 loan. (Doc. 56 ¶ 17.) As early as December of

---

[1] Unless otherwise noted, Defendants concur on the facts discussed in this section. (See Docs. 54, 56.)
[2] Despite the language of the contract stating that GES would provide these services for one year (Doc. 57, Ramson Dep., Ex. 1 at 1), Seaview disputes that the agreement was for one year (Doc. 66 ¶ 3).

2006, GEH was in default on the loan. (Id. ¶ 31.) As a result, Seaview sought to liquidate the Studio One stock to recoup its losses. (Doc. 57 at 4.) Seaview delivered the Studio One stock certificate to Rainmaker, which was to assist Seaview in liquidating the stock. (Id.)

Upon receiving the stock certificate, Rainmaker requested that Studio One remove the restrictive legend to facilitate the liquidation. (Id.) In response, Studio One informed Rainmaker that GES failed to comply with the restrictive legend when it pledged the stock as collateral, and requested that Rainmaker return the stock to Studio One. (Doc. 54 ¶ 12.) Faced with competing claims to the stock certificate, Rainmaker instituted this action in interpleader, naming Seaview and Studio One as Defendants. (Doc. 1.)

In its Motion for Summary Judgment, Seaview argues that it has a perfected security interest in the stock certificate and was without notice of any adverse claim. (Doc. 57.) Studio One argues that both GES and Seaview failed to obtain an opinion of counsel that the shares were not required to be registered upon transfer, as required by the restrictive legend. (Doc. 53.) Studio One reasons that this failure invalidates any transfer from GES to

3

Seaview and requires the stock certificate to be returned to Studio One. (Id. at 7.)

## ANALYSIS

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish, by going beyond the pleadings, that there is a genuine issue concerning facts material to its case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmoving party. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

Despite the extensive briefing by Defendants, the Court is currently unable to rule on Defendants' Motions because Plaintiff failed to interplead GES, a party who may claim an interest in the stock certificate. Federal Rule of Civil Procedure 19 requires the joinder of parties necessary to the litigation. The Rule provides that a party must be joined if it "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may . . . impair or impede the [party's] ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Even though not raised by any party, the Court may address this issue sua sponte. See Wymbs v. Republican State Executive Comm. of Fl., 719 F.2d 1072, 1079 n.22 (11th Cir. 1983).

After reviewing the merits of Defendants' Motions, the Court has determined that GES is an indispensable party to this case. Assuming, arguendo, that Studio One is correct and the transfer from GES to Seaview was invalid, Studio One has not provided the Court with any reasoning why Studio One should then be awarded the stock certificate.[3]

---

[3] While detailing the facts of this case, Studio One seems to suggest that GES did not earn the Studio One shares because GES ceased business operations prior to completing its one-year contract for supplying investment advice. (Doc. 53 at 2.) While that may be the case, Studio One has not advanced that argument before this Court, instead focusing

6

If the transfer from GES to Seaview was invalid, the appropriate remedy is not to award the stock to Studio One, but to return it to GES. The obvious problem, however, is that GES in not a party to this suit. Given the potential that GES may be the rightful owner of the stock certificate, GES should have the opportunity to appear in this case and state its position. See, e.g., Pentech Int'l, Inc. v. Wall St. Clearing Co., 983 F.2d 441 (2d Cir. 1993) (remanding to district court to determine if parties not joined may have interest in stake).

Both Defendants appear to admit as much. In its Answer to the Complaint, Studio One lists both GES and GEH as potential defendants. (Doc. 9 at 1.) Moreover, in their Answers, both Defendants raise the failure to join all necessary and indispensible parties as grounds for dismissing the Complaint. (Id. at 3; Doc. 34 ¶ 27; Doc. 35 ¶ 12.) Yet, the Parties chose to press forward with this case in the absence of GES. Unfortunately, Defendants' initial impression was correct, and their failure to join GES requires dismissal of their Motions for Summary Judgment. See Charts v. Nationwide Mutual Ins. Co., 16

---

only on the invalidity of the transfer. (Doc. 52.) Therefore, the Court assumes that GES did not breach its contract and is entitled to the stock certificate.

Fed. App'x 44 (2d Cir. 2001) (unpublished) (vacating district court judgment that claim belonged to bankruptcy estate because court adjudicated claim without joining bankruptcy estate as party).

Accordingly, Defendants' Motions for Summary Judgment are **DISMISSED**. Plaintiff Rainmaker is **DIRECTED** to join GES in this action. Following GES's appearance in this case, the Parties shall have **thirty (30) days** to request additional discovery or file additional motions.

SO ORDERED this 14th day of September, 2009.

*[signature]*
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA